CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 24 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD L. WALLER, </br> Plaintiff, | ) Civil Action No. 7:09-cv-00249 </br> ) </br> ) |
| v. | ) **MEMORANDUM OPINION** </br> ) |
| T. RAY, et al., </br> Defendants. | ) By: Hon. Jackson L. Kiser </br> ) Senior United States District Judge |

Harold L. Waller, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Waller names two correctional officials as defendants: T. Ray, Warden of the Red Onion State Prison, and Correctional Officer B. Rose. Waller claims that Rose used excessive force against him, and Ray failed to remedy the excessive force after Waller's grievances informed him of it. After reviewing Waller's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Waller alleges the following facts in his complaint relevant to his excessive force claim. On March 10, 2009, at around 7:00 a.m., Rose caught Waller's hand and breakfast tray inside the tray slot before Waller could pull "it" all the way out. (Compl. 4.) At 9:05 a.m., Rose filed a "bogus" 210 charge against him for masturbating toward her. Waller asked Ray to watch the security videos to verify his innocence, but Ray "maliciously" responded, stating that the video was not available. Another correctional officer destroyed one of Waller's subsequent grievances.

On March 14, 2009, Rose escorted Waller to the shower by "conspicuously shov[ing] and push[ing]" Waller in the back. When they reached the stairs, Rose "kept kicking me on left leg almost causing me to slightly stumble." Rose escorted Waller back to his cell after his shower,

and Rose then shoved Waller in the back again while he was on his knees in the cell. After the cell door closed at around 1:14 p.m., Rose tried to break Waller's wrist by pulling the strap "extremely tight which left the prints from the cuffs around [his] wrist." Waller saw a staff nurse about this injury at 10:00 p.m.

Waller believes that Rose was suspended in May 2009 for similar assaults against other prisoners. (Id. 6.) Waller also believes that the security camera footage will clearly show Rose's assault on March 14 but not on March 10 because her body would block the camera from seeing the food-tray slot. Waller argues that Rose is liable for using excessive force and Ray is liable because Waller grieved the excessive force and Ray did not stop it. Waller seeks $15,000 and $18,000 in compensatory and punitive damages, respectively. (Id. 2.)

II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's grounds for relief "requires more than labels and conclusions. . . ." Id. Although I liberally construe pro

se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A prisoner alleging excessive force must objectively show that a defendant "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986). See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (holding that an an Eighth Amendment claim for excessive force requires an objective deprivation of a basic human need and that prison officials subjectively acted with a sufficiently culpable state of mind). Therefore, the proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. The subjective component encompasses "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." Id. at 321 (internal quotation marks, alterations, and citation omitted). The objective element generally requires more than a de minimis use of force. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). A de minimis injury usually defeats a plaintiff's excessive force claim unless "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is]

such that it can properly be said to constitute more than de minimis injury." Norman v. Taylor, 25 F.3d 1259, 1262-63 (4th Cir. 1994). See Graham v. Connor, 490 U.S. 356, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."). To determine whether an injury is de minimis, I generally consider the context in which the injury was sustained; whether the inmate sought medical care; whether the injury was documented in medical records; and whether the documented injury is consistent with the application of the amount of force necessary under the particular circumstances. See, e.g., Taylor v. McDuffie, 155 F.3d 479, 484-85 (4th Cir. 1998).

Even after accepting Waller's factual allegations as true, they are insufficient to state an excessive force claim. Regarding the March 10 incident involving the food tray, Waller does not allege any use of force nor that Rose in any way inflicted any unnecessary and wanton pain and suffering. As for Waller's allegations of pushing and shoving on March 14, he similarly fails to establish how any shove or "almost" causing a "slight" stumble somehow translates into unnecessary and wanton pain and suffering or that he suffered any resulting injury. Moreover, Waller's allegation that Rose tried to break his wrist by tying the strap too tightly is equally unsupported. The fact that the strap left an impression is far from establishing any malicious or sadistic use of force that the Eighth Amendment is intended to prevent. Waller does not give any indication of any resulting injury more than the possibility of a de minimis discomfort.[1] Furthermore, Waller is not entitled to the damages he seeks absent a "prior showing of physical injury." 42 U.S.C. § 1997e(e). Accordingly, I dismiss Waller's complaint because he fails to state any claim upon which relief may be granted.

---

[1] Waller included the medical record of the nurse's examination as an exhibit to his complaint. Waller believes the exhibit supports his argument even though the nurse recorded that no bruising occurred and Waller denied pain beyond soreness. (Compl. 27.)

4

III.

For the foregoing reasons, I dismiss Waller's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 24th day of July, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge